IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:22-CR-00615 |
| Plaintiff, | ) | |
| vs. | ) | JUDGE J. PHILIP CALABRESE |
| LAWRENCE STURDIVANT, | ) | |
| Defendant. | ) | |

**CUYAHOGA COUNTY DEPARTMENT OF PUBLIC SAFETY AND JUSTICE SERVICES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL COMPLIANCE WITH CRIMINAL RULE 17(c) SUBPOENAS**

Non-party Cuyahoga County Department of Public Safety and Justice Services (hereinafter "Cuyahoga County" or "the County"), by and through undersigned counsel, respectfully submits this response opposing Defendant, Lawrence Sturdivant's motion to compel compliance with Criminal Rule 17(c) subpoenas (hereinafter "motion to compel"). For the reasons set forth below, Defendant's motion to compel should be denied as it pertains to Cuyahoga County.

**DEFENDANT HAS NOT ESTABLISHED THAT CUYAHOGA COUNTY FAILED TO COMPLY WITH THE SUBPOENA**

Cuyahoga County purchases automated license plate recognition system services from non-party Selex ES, LLC ("Selex"). The County is not connected to the underlying charges filed against Mr. Sturdivant. The County was not the agency that investigated the robberies at-issue, nor was the County the arresting agency.

On October 20, 2023, Defendant filed a motion requesting permission to issue a subpoena

1

to Cuyahoga County pursuant to Federal Rule of Criminal Procedure 17(c). (ECF No. 45). Defendant acknowledges that Cuyahoga County had "multiple discussions" with defense counsel and provided responsive documents to the subpoena. (ECF No. 66, PageID #401). Cuyahoga County produced the first set of responsive documents to defense counsel on December 6, 2023. Cuyahoga County produced a second set of responsive documents on December 13, 2023.

After reviewing the documents produced by Cuyahoga County and other subpoenaed parties, defense counsel requested additional information from Cuyahoga County. Between January 31, 2024 and April 12, 2024, Cuyahoga County engaged in extended negotiations with defense counsel in an effort to ensure any and all responsive documents were produced.

On March 20, 2024, defense counsel filed its motion to compel. Therein, defense counsel acknowledged that negotiations with Cuyahoga County regarding the additional information "remain ongoing," and that the defense would withdraw its motion to compel against the County if a resolution is reached. (ECF No. 66, PageID #401.) After Defendant filed the motion to compel was filed, Cuyahoga County continued to work with defense counsel in good faith in an attempt to resolve any outstanding issues.

On April 4, 2024, Cuyahoga County had a phone call with defense counsel to discuss any information that the County needed to produce to resolve the issues raised in the motion to compel. Defense counsel advised that the outstanding information pertained to training materials and data sharing information. The responsive data sharing information was produced on December 13, 2023, March 25, 2024, and April 4, 2024.

On April 9, 2024, the County produced three training documents to defense counsel. Two of the training documents were prepared by Selex, and one of the documents was prepared by the County. Selex made redactions to the two training documents it prepared before the County

produced them to the defense. The County made redactions to the training document it prepared before production.

Regarding the County's redactions, the confidential access website, which is not searchable on the internet, log in process and credentials, and personal identifiers were redacted from the training materials. Furthermore, system capabilities that are not in the public domain and proprietary technology were redacted.

The undersigned and defense counsel had a conference on April 10, 2024 to address defense counsel's questions regarding the redactions made to the training materials. The undersigned also arranged a conference between the County, defense counsel, and counsel for Selex on April 12, 2024.

During the April 12 conference, the County and Selex addressed defense counsel's questions about the redactions made to the training materials. Defense counsel confirmed that there are no outstanding documents that the County needs to produce in order to comply with the October 20, 2023 subpoena. The only remaining issue pertaining to the County is the system capability information redacted from the training materials that the County produced on April 9.[1] At the close of the conference, the parties agreed that defense counsel would circulate a proposed protective order to Selex.

Defense counsel seeks an order from this Court compelling Cuyahoga County to comply with its subpoena obligations. Defendant argues that the County has "failed to comply with the Court's subpoenas" and that the County does not have a legitimate reason for its failure to comply. (ECF No. 66, PageID # 405.)

Defendant cannot demonstrate that the County lacks "any legitimate reason" for redacting

---

[1] This information is also in the possession of Selex.

the personal identifiers and system capability information from the training materials. (ECF No. 66, PageID # 405.)  The County has a legitimate reason for making these redactions — the information is directly at-issue in Selex's pending motion to quash.  *See, e.g.,* Selex's Motion to Quash Subpoena, ECF No. 64, at p. 3-4 ("Selex further has developed and continues to develop technology related to its ALPR systems that understandably constitutes highly confidential and highly valuable trade secret and proprietary business information that it must zealously protect"); Defendant's Response in Opposition to Selex's Motion to Quash, ECF No. 68 at PageID # 465 ("What Mr. Sturdivant has requested [in his subpoena] is not a trade secret, and whatever confidentiality interests remain would be adequately served by a protective order[.]").  Unless and until the parties agree on a protective order or this Court resolves this dispute between Defendant and Selex, it would not be appropriate for the County to produce the information to defense counsel.

    The County has worked with defense counsel for more than two months, in good faith, to produce responsive documents and information.  The County has engaged — and continues to engage — in extended negotiations, via telephone, video calls, and in writing with defense counsel in an effort to resolve this dispute and ensure any and all responsive documents are produced.

    For all of the foregoing reasons, Cuyahoga County respectfully requests that this Honorable Court deny Defendant's Motion to Compel as it pertains to Cuyahoga County.

    Respectfully submitted,
MICHAEL C. O'MALLEY, Prosecuting Attorney
of Cuyahoga County, Ohio

By: */s/ Matthew T. Fitzsimmons*
    Matthew T. Fitzsimmons IV (0093787)
    Phone: (216) 443-7618
    CUYAHOGA COUNTY PROSECUTOR'S OFFICE
    The Justice Center, Courts Tower
    1200 Ontario Street, 8th Floor

        Cleveland, OH  44113
        Fax: (216) 443-7602
        mfitzsimmons@prosecutor.cuyahogacounty.us

        *Attorney for Cuyahoga County Department of Public Safety and Justice Services*

## CERTIFICATE OF SERVICE

On this 15th day of April 2024, the foregoing was filed electronically.  Notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system.

        /s/ *Matthew Fitzsimmons*
        Mathew T. Fitzsimmons IV (0093787)