IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  1:22-CR-00615-JPC |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE J. PHILIP CALABRESE |
| vs. | ) | |
| | ) | MAGISTRATE JUDGE |
| LAWRENCE STURDIVANT, | ) | JONATHAN D. GREENBERG |
| | ) | |
| Defendants. | ) | **ORDER** |

This matter has been referred to the undersigned for resolution of the objections to unsealing certain record materials relating to the Court's ruling on Defendant's motion to suppress.  (Doc. Nos. 122, 123-24, 126.)  For the following reasons, the Court: (1) OVERRULES the County's objection to unseal Doc. Nos. 92-1 and 92-5 and DENIES the County's request to "extend the seal of Docs. 92-1 and 92-5 in their entirety"; (2) DENIES the  request to redact the specific locations of the ALPR cameras from Doc. Nos. 92-3 and  92-6 before unsealing them;  and (3) OVERRULES IN PART Leonardo's objection and DENY Leonardo's request to retain Doc. Nos. 92-4 and 92-6 under seal in their entirety but SUSTAINS IN PART the objection insofar as allowing redaction of Doc. Nos. 92-4 and 92-6 to remove "sensitive pricing, methodological, strategic, technological, and other information typically maintained as confidential by Leonardo to protect its business interests," as well as "personal identifying information such as uninvolved customer names, employee names, and social security numbers in a manner consistent with Local Rule 8.1."

On June 9, 2025, the Court denied Defendant's motion to suppress.  (Doc. No. 103.)  The record for that motion included voluminous materials obtained from third parties by subpoena.  Many of these materials were filed under seal.  On June 11, 2025, the Court provided notice that it intended to unseal certain materials referenced in its ruling.  (Doc. No. 105.)  In response to that notice, third parties Cuyahoga County Department of Public Safety and Justice Services ("County") and Leonardo US Cyber and Security

1

Solutions, LLC f/k/a Selex ES, LLC ("Leonardo") objected to unsealing some of these materials.  (Doc. No. 112.)

The County requests that Doc. Nos. 92-1 and 92-5 "remain sealed in their entirety, and that the specific locations of the automated license plate recognition ('ALPR') cameras be redacted from Docs. 92-6, 92-4, and 92-3."  (Doc. No. 112 at 2.)  Leonardo "joins in the County's argument regarding its concerns and arguments to protect the location of the ELSAG cameras."  (*Id.* at 9.)

Leonardo "objects to unsealing exhibits referenced during the motion to suppress proceedings—specifically Defendant's 4 (Doc. 92-4) and 6 (Doc. 92-6) ('Competitive Documents')," and requests that if the Court find "full sealing of the Competitive Documents" unjustified, that the Court allow the redaction of "sensitive pricing, methodological, strategic, technological, and other information typically maintained as confidential by Leonardo to protect its business interests," as well as "personal identifying information such as uninvolved customer names, employee names, and social security numbers in a manner consistent with Local Rule 8.1."  (Doc. No. 112 at 7, 10-11.)

In *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, the Sixth Circuit set forth the framework for sealing documents follows:

> By way of background, there is a stark difference between so-called "protective orders" entered pursuant to the discovery provisions of Federal Rule of Civil Procedure 26, on the one hand, and orders to seal court records, on the other. Discovery concerns the parties' exchange of information that might or might not be relevant to their case. "Secrecy is fine at the discovery stage, before the material enters the judicial record." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002). Thus, a district court may enter a protective order limiting the use or disclosure of discovery materials upon a mere showing of "good cause[.]" Fed. R. Civ. P. 26(c)(1). These orders are often blanket in nature, and allow the parties to determine in the first instance whether particular materials fall within the order's protection. The district court entered several such orders here.
>
> "At the adjudication stage, however, very different considerations apply." *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982). The line between these two stages, discovery and adjudicative, is crossed when the parties place material in the court record. *Baxter*, 297 F.3d at 545. Unlike information merely exchanged between the parties, "[t]he public has a strong interest in obtaining the information contained in

2

the court record." *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983). That interest rests on several grounds. Sometimes, the public's interest is focused primarily upon the litigation's result—whether a right does or does not exist, or a statute is or is not constitutional. In other cases—including "antitrust" cases, *id.* at 1179—the public's interest is focused not only on the result, but also on the conduct giving rise to the case. In those cases, "secrecy insulates the participants, masking impropriety, obscuring incompetence, and concealing corruption." *Id*. And in any of these cases, the public is entitled to assess for itself the merits of judicial decisions. Thus, "[t]he public has an interest in ascertaining what evidence and records the District Court and this Court have relied upon in reaching our decisions." *Id*. at 1181; *see also, e.g.*, *Baxter*, 297 F.3d at 546.

The courts have long recognized, therefore, a "strong presumption in favor of openness" as to court records. *Brown & Williamson*, 710 F.2d at 1179. The burden of overcoming that presumption is borne by the party that seeks to seal them. *In re Cendant Corp*., 260 F.3d 183, 194 (3d Cir. 2001). The burden is a heavy one: "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). Moreover, the greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access. *See Brown & Williamson*, 710 F.2d at 1179. For example, in class actions—where by definition "some members of the public are also parties to the [case]"—the standards for denying public access to the record "should be applied ... with particular strictness." *Cendant*, 260 F.3d at 194. And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason. *See, e.g.*, *Press–Enter. Co. v. Superior Court of California, Riverside Cnty.*, 464 U.S. 501, 509-11, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984). The proponent of sealing therefore must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Baxter*, 297 F.3d at 548.

In like fashion, a district court that chooses to seal court records must set forth specific findings and conclusions "which justify nondisclosure to the public." *Brown & Williamson*, 710 F.2d at 1176. That is true even if neither party objects to the motion to seal, as apparently neither did in *Brown & Williamson*. (There, our court "reach[ed] the question" of the district court's seal "on our own motion." *Id.*) As our decision there illustrates, a court's obligation to explain the basis for sealing court records is independent of whether anyone objects to it. And a court's failure to set forth those reasons—as to why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary—is itself grounds to vacate an order to seal. *Id.*; *see also United States v. Kravetz*, 706 F.3d 47, 60 (1st Cir. 2013) ("Appellate courts have on several occasions emphasized that upon entering orders which inhibit the flow of information between courts and the public, district courts should articulate on the record their reasons for doing so"); *SEC v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993) (reversing because "[w]e find no evidence in the record

3

that the district court balanced the competing interests prior to sealing the final order").

825 F.3d 299, 305–06 (6th Cir. 2016).

The Sixth Circuit recently reaffirmed the principles in *Shane Group*, stating:

The federal courts do their business in public—which means the public is presumptively entitled to review every document that a party files with the court for purposes of influencing a judicial decision. Thus, under rules long settled in this circuit, "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Shane Group, Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983)). And when a court does seal off judicial records from public view, it must explain "why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary[.]" *Id.* at 306.

*Grae v. Corr. Corp. of America*, 134 F.4th 927, 930 (6th Cir. 2025).

The Court addresses each of these documents and objections in turn.

**1. Doc. Nos. 92-1 and 92-5**

A review of the docket reveals that these documents are publicly available at Doc. Nos. 93-1 and 93-5.  Indeed, Leonardo recognizes as much, and in arguing against the unsealing of Doc. Nos. 92-4 and 92-6, states that "the public's interest is sufficiently served by the **already-unsealed** documents: Defendant's **Exhibits 1 (Doc. 92-1, Doc. 93-1)**, 2 (Doc. 92-2, Doc. 93-2), **and 5 (Doc. 92-5, Doc. 93-5)**[2] ('Published Documents')."[1]  (Doc. No. 112 at 8) (emphasis added).

The Court finds no compelling reason for sealing documents that were filed in complete and unredacted form with the public version of the motion to suppress (Doc. No. 93).  There is no indication on the record before the Court that such filing was done in error, nor any attempt by the County (or Leonardo)

---

[1] In footnote two, Leonardo states that it "does not object to Cuyahoga County's position regarding redactions to be made to Defendants' Exhibit 5 (Doc. 92-5, Doc. 93-5) but asks that Defendant's Exhibit 17 (Doc. 92-17), which was disclosed at Doc. 93-17, also receive consistent treatment as it lists ELSAG camera locations and shares in the same concerns argued by Cuyahoga County."  (Doc. No. 112 at 8 n.2.)  Because the Court denies the request to redact the specific camera locations contained in Doc. Nos. 92-1, 92-5, 92-3, 92-4, and 92-6, the Court denies Leonardo's request as to Doc. No. 92-17.

to rectify any such error. *See Shane Group*, 825 F.3d at 305 ("'Only the most compelling reasons can justify non-disclosure of judicial records.'") (internal citation omitted). *See also White v. GC Services Ltd. Partnership*, No. 08–11532, 2009 WL 174503, at *2 (E.D. Mich. Jan. 23, 2009) (in discussing protective order, finding that "public disclosure would be inconsistent with, and constitute a waiver of, the confidentiality designation, and the Court would expect the designating party to voluntarily withdraw the designation.")

Furthermore, the Court cited to Doc. No. 92-1 in its order on Defendant's motion to suppress for the propositions that "[m]ost local police departments in Cuyahoga County have Flock contracts" and that there are "667 law enforcement Flock cameras in Cuyahoga County." (Doc. No. 105-1 at 1.) The Court cited to Doc. No. 92-5 in its order on Defendant's motion to suppress for the proposition that "ELSAG incorporates cameras from law enforcement and private customers in county and other jurisdictions." (*Id.* at 2.) As the Court stated in its Notice and Order, "[w]ithout access to the redacted information, members of the public would struggle to 'assess for [themselves] the merits of [this] judicial decision[]." (Doc. No. 105 at 2) (citing *Shane Group*, 825 F.3d at 305).

The Court finds the County and Leonardo fail to meet the "heavy burden" of showing these documents should be sealed under the standards set forth in *Shane Group*. Therefore, the Court OVERRULES the County's objection to unseal Doc. Nos. 92-1 and 92-5 and DENIES the County's request to "extend the seal of Docs. 92-1 and 92-5 in their entirety."

### 2. Doc. No. 92-3

The County requests that the "specific camera locations" be redacted from Doc. No. 92-3 before it is "unsealed and made public." (Doc. No. 112 at 7.) The County argues that the "specific camera locations should be sealed and/or redacted pursuant to the law enforcement or investigative privilege," as the "publication of the specific locations of the ALPR cameras would disclose confidential investigative procedures, and jeopardize or impair future investigations, thereby injuring the County." (*Id.* at 2.) The

County asserts that "the use of ALPR cameras is not a routine investigative procedure," and if the "specific camera locations are revealed to the public, the County's ability to conduct future investigations may be seriously impaired." (*Id.* at 4-5.) In addition, the County argues that it is not a party to the case, connected to the criminal charges in the case, or accused of any wrongdoing, and therefore the Court "should not needlessly expose the specific locations of the County's cameras." (*Id.* at 5.) Finally, the County maintains that the specific camera locations are irrelevant to the Court's order denying Defendant's motion to suppress. (*Id.* at 5-7.)

Much of the location data contained in Doc. No. 92-3 has already been made publicly available in Doc. No. 93-5. In the absence of any specific explanation or argument by the County, the Court finds no compelling reason that the handful of specific camera locations in Doc. No. 92-3 that were not already publicly disclosed would "seriously impair[]" the County's "ability to conduct future investigations" (Doc. No. 112 at 5), given the public disclosure of three pages' worth of specific camera locations at Doc. No. 93-5.

Furthermore, as the Sixth Circuit recently explained:

> Finally, a document counts as a judicial record, for purposes of the presumption of access, when it is "filed with the objective of obtaining judicial action or relief" or otherwise plays "a role in the adjudicative process." *United States ex rel. Oberg v. Nelnet, Inc.*, 105 F.4th 161, 171 (4th Cir. 2024). **When filed for that purpose, the entire document, and not just the parts cited by the parties or the court, becomes a judicial record**. *Metlife, Inc. v. Financial Stability Oversight Council*, 865 F.3d 661, 668 (D.C. Cir. 2017). **For a determination that material is irrelevant can itself "reveal something valuable about the judicial process."** *City of Greenville v. Syngenta Crop Protection, LLC*, 764 F.3d 695, 698 (7th Cir. 2014). But documents filed for some other purpose—for example, to circumvent the strictures of a protective order, *see generally Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34-35, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984)—are not subject to the presumption of access. Nor are documents that "cannot conceivably aid the understanding of judicial decisionmaking." *City of Greenville*, 764 F.3d at 698.

*Grae*, 134 F.4th at 933 (emphasis added).

6

For the foregoing reasons, the Court DENIES the request to redact the specific locations of the ALPR cameras from Doc. No. 92-3 before unsealing it.

### 3. Doc. Nos. 92-4 and 92-6

#### a. Camera Locations

As it did for Doc. No. 92-3, the County requests that the "specific camera locations" from Doc. Nos. 92-4 and 92-6 before these documents are "unsealed and made public." (Doc. No. 112 at 7.)  Leonardo "joins in the County's argument regarding its concerns and arguments to protect the location of the ELSAG cameras." (*Id.* at 9.)

Other than the certain camera locations for uninvolved customers (addressed below), Doc. No. 92-4 does not contain any specific camera locations for Ohio or Cuyahoga County.  All the specific camera locations in Doc. No. 92-6 are publicly available at Doc. No. 93-5.

For the reasons set forth in discussing Doc. Nos. 92-1, 92-3, and 92-5, *supra*, the Court DENIES the request to redact the specific locations of the ALPR cameras from Doc. No. 92-6 before unsealing it.

#### b. Confidential Business Information and Personal Identifying Information

Leonardo "objects to unsealing exhibits referenced during the motion to suppress proceedings—specifically Defendant's 4 (Doc. 92-4) and 6 (Doc. 92-6) ('Competitive Documents')—because they are unrelated to Fourth Amendment concerns and contain competitively sensitive information," including "confidential information treated as proprietary by Leonardo and its customers" as well as "the names of employees and customers who are unrelated to these proceedings." (Doc. No. 112 at 7-8.)  Leonardo argues that unsealing these documents "would provide Leonardo's competitors with an unfair advantage and cause substantial competitive harm." (*Id.* at 8.)  Leonardo maintains that the Competitive Documents—a 2017 response to Cuyahoga County's request for proposal (Doc. No. 92-4) and a 2020 response to Cuyahoga County's request for proposal (Doc. No. 92-6)—"are irrelevant to Mr. Sturdivant's privacy concerns or the public's interest in the Court's ruling." (Doc. No. 112 at 9.)  Leonardo asserts that "[c]ourts in this

7

jurisdiction recognize that the type of information described in the Competitive Documents constitutes confidential information that should remain under seal." (*Id.*) (citations omitted).  Leonardo requests that if the Court find "full sealing of the Competitive Documents" unjustified, that the Court allow the redaction of "sensitive pricing, methodological, strategic, technological, and other information typically maintained as confidential by Leonardo to protect its business interests," as well as "personal identifying information such as uninvolved customer names, employee names, and social security numbers in a manner consistent with Local Rule 8.1." (*Id.* at 10-11.)  Leonardo provided proposed redactions to the Competitive Documents to the Court.  (Doc. Nos. 112-1, 112-2.)

In Exhibit A of the Court's Notice and Order regarding the Court's intent to unseal certain documents and information discussed or referenced in its ruling on Defendant's motion to suppress, the Court states that it cited to Doc. No. 92-4 for the general proposition that the "ELSAG system is provided by Selex ES." (Doc. No. 105-1 at 2.)  The Court states that it cited to two specific pages of Doc. No. 92-6 for the proposition that "ELSAG cameras can capture at least nine hundred plates per minute, and the database retains all images for one year." (*Id.*)

The Court finds complete sealing of the Competitive Documents inappropriate under *Shane Group*, as discussed above.  825 F.3d at 305–06.  However, the Court agrees that "some of the information in these adjudicatory documents . . . is undoubtedly business information about customers and pricing that is of a confidential nature, in which the parties' interest in privacy is great and which outweighs the public need." *Am. Consol. Indus., Inc. v. Blasingim*, No. 1:19-CV-00137, 2024 WL 2941300, at *3 (N.D. Ohio June 10, 2024), *report and recommendation adopted,* 2024 WL 3292557 (N.D. Ohio July 3, 2024).  The Court further agrees that the parties' interest in uninvolved customer names (and the references to the camera locations for those uninvolved customers), employee names, and social security numbers/tax identification numbers is great and outweighs the public's need.  The Court further finds such redactions would be narrowly tailored

8

in accordance with *Shane Group*.[2]  A review of Leonardo's proposed redactions shows that the information on which the Court relied as set forth in Exhibit A of the Court's Notice and Order would be unredacted and available for public review.  (Doc. Nos. 105-1, 112-1, 112-2.)

Therefore, the Court OVERRULES IN PART Leonardo's objection and DENIES Leonardo's request to retain the Competitive Documents under seal in their entirety but SUSTAINS IN PART the objection insofar as allowing redaction of the Competitive Documents to remove "sensitive pricing, methodological, strategic, technological, and other information typically maintained as confidential by Leonardo to protect its business interests," as well as "personal identifying information such as uninvolved customer names, employee names, and social security numbers in a manner consistent with Local Rule 8.1."

IT IS SO ORDERED.

Date: January 27, 2026                                             *s/ Jonathan Greenberg*
                                                                           Jonathan D. Greenberg
                                                                           United States Magistrate Judge

---

[2] However, the Court notes that the proposed redactions in Doc. Nos. 112-1 and 112-2 are inconsistent with each other in some places.  (*Cf., e.g.* Doc. No. 112-1 at 3, Doc. No. 112-2 at 3.)  Therefore, the Court ORDERS Leonardo to refile its proposed redactions by close of business (5:00 p.m.) on **February 13, 2026** so the Court can ensure that the redactions are as narrowly tailored as possible in accordance with *Shane Group*.